IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WESLEY BOLAM, FL-6592, Petitioner, | ) | |
| v. | ) | 2:09-cv-567 |
| LOUIS FOLINO, et al., Respondents. | ) | |

Memorandum and Order

Mitchell, M.J.:

John Wesley Bolam has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Bolam is presently incarcerated at the State Correctional Institution - Greene serving a fifty to one hundred year sentence imposed following his conviction, by the court, of aggravated assault, criminal attempt (homicide), simple assault and recklessly endangering another person at No. CP-65-CR-3806-2002 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on July 23, 2003.[1]

An appeal was taken to the Pennsylvania Superior Court in which the issues raised were:

I. Whether John W. Bolam's waiver of jury trial was knowing and voluntary, in light of discovery materials destroyed and prosecutorial misconduct?

II. Whether the trial court based its verdicts upon the court's personal knowledge of facts not of record?

[1] See: Petition at ¶¶ 1-6 and pp.1a-40a of the answer.

> III. Whether the trial court erred in denying post-sentence motions challenging the weight and sufficiency of the evidence?[2]

On July 8, 2004, the judgment of sentence was affirmed.[3]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were raised.[4] On December 15, 2004, leave to appeal was denied.[5]

A timely post-conviction petition was filed and relief was denied on September 21, 2005.[6] An appeal was taken to the Superior Court in which the issues presented were:

> 1. Whether the PCRA court erred in holding that trial counsel was not ineffective for failing to object to bad acts evidence elicited from witnesses Stacy Wargo and Kim Brant at trial.
>
> 2. Whether the PCRA court erred in holding that trial counsel was not ineffective in failing to object to or raise on appeal the issue of whether the trial court erred in imposing consecutive sentences.[7]

On June 30, 2006, the denial of post-conviction relief was affirmed.[8]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the questions presented were the same as those presented to the Superior Court.[9] On January 18,

---

[2] See: Answer at p.73a.

[3] See: Answer at pp.112a-118a.

[4] See: Answer at p.272a.

[5] See: Answer at p.317a.

[6] See: Answer at pp.243a-250a.

[7] See: Answer at p.230a.

[8] See: Answer at pp.252a-265a.

[9] See: Answer at p.324a.

2007, the petition for allowance of appeal was denied.[10]

On March 26, 2007, the petitioner filed a second post-conviction petition which was dismissed on April 30, 2007 as untimely and which u8had failed to raise any issues which would waive the timeliness requirement.[11] An appeal was taken to the Superior Court which affirmed the denial of post-conviction relief.[12] And leave to appeal to the Pennsylvania Supreme Court was denied on July 29, 2008.[13]

The instant petition, executed on March 10, 2009, alleges entitlement to relief on the following grounds:

A Denial of a sufficient basis of information in which to base a knowing and intelligent and voluntary waiver of jury trial.

B. Misconduct and abuse of a learned jurist in that the judge injected extrajudicial and extraneous facts not of record into the trial.

C. Primary counsel was ineffective in not investigating and learning of the existence of exculpatory evidence until the time of trial, and inadequately counseling the petition to waive a jury trial.

D. That the conviction was obtained through irreparable prejudice and bias.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[10] See: Answer at p.382a.

[11] See: Answer at pp.180a-184a.

[12] See: Answer at pp.217a-224a.

[13] See: Answer at p.381a.74

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the direct appeal on July 8, 2004, and leave to appeal to the Pennsylvania Supreme Court was denied on December 15, 2004. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on March 15, 2005. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner filed a timely post-conviction petition which was denied on September 21, 2005. That denial was affirmed on appeal on July 30, 2006 and leave to appeal to the Pennsylvania Supreme Court was denied on January 18, 2007.

Bolam filed a second post-conviction petition which was dismissed on April 30, 2007 as untimely under Pennsylvania law. The dismissal of the second post-conviction petition was affirmed on appeal and leave to appeal to the Pennsylvania Supreme Court was denial on July 29, 2008 The instant petition was executed on March 10, 2009. Thus, his "properly" filed petition for post-conviction relief was ultimately terminated on January 18, 2007. This was followed by an improperly filed post-conviction petition which does not stop the one year time period from

running. Since the instant petition was not executed until March 10, 2009, the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.[14]

An appropriate Order will be entered.

[14] We would request that in future filings, the District Attorney place his record submissions in chronological order rather than in the helter-skelter manner which was done here.

ORDER

AND NOW, this 30th day of July 2009, for the reasons set forth in the foregoing Memorandum, the petition of John Wesley Bolam for a writ of habeas corpus is dismissed and a certificate of appealability is denied.

s/ Robert C. Mitchell
United States Magistrate Judge